UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 09-729-VBF(VBKx)**                                      Dated: **January 8, 2010**

Title:  Fred Powell -v- Anheuser-Busch, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                     None Present

**PROCEEDINGS (IN CHAMBERS):**     RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S RULING ON JUNE 29, 2009 REGARDING CONTRACTUAL ARBITRATION, TO LIFT STAY AND REINSTATE SCHEDULING ORDERS, etc. [Dkt. #32]; AND OSC RE DISMISSAL

**Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing set for January 11, 2010 at 1:30 p.m. is vacated and the matter is taken off calendar.**

The Court has received, read, and considered Plaintiff's Motion for Reconsideration (dkt. #32), Defendant's Memorandum in Opposition (dkt. #38), Plaintiff's Reply (dkt. #43),

MINUTES FORM 90                                                 Initials of Deputy Clerk   rs
CIVIL - GEN

and related papers; and in connection with the OSC re Dismissal, Plaintiff's Response to the Court's OSC re Dismissal (dkt. #40) and Defendant's Reply to Plaintiff's Response and Opposition to Order to Show Cause re Dismissal (dkt. #41).  The Court has also considered the record in this case, including Defendant's Motion to Compel Arbitration (dkt. #14), Plaintiff's Opposition (dkt. #17), Defendant's Reply (dkt. #24), and related papers.  The Court's June 29, 2009 Order (dkt. #27) and the reporter's notes of the hearing on that date were also considered.

After a review of the papers and record of proceedings, the Court GRANTS the Plaintiff's Motion for Reconsideration of the Court's Ruling of June 29, 2009, lifts the stay and sets a status and trial setting conference for February 1, 2010 at 8:30 a.m.  The OSC re Dismissal is discharged.   Plaintiff's request for monetary sanctions (dkt. #40, p.9) is unsupported and is denied.

This Court finds sufficient grounds to reconsider because of factual developments which occurred after the June 29, 2009 Order.  The facts reveal that after the Court's Order, there has been an impasse – a complete breakdown in the arbitration process.  *Cf. Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654 (9th Cir. 1991).  The Parties cannot agree on arbitration procedures and related issues, and the Collective Bargaining Agreement (CBA) is silent as to these procedures.  The case of *14 Penn Plaza LLC v. Pyett*, 556 U.S. ___, 129 S.Ct. 1456 (2009) does not support the Defendant's Opposition in this case.

In the papers, the Parties made additional requests, which the Court addresses here.  First, with respect to the evidentiary objections filed by Defendant (dkt. # 39, 47), as apparent from this ruling, the Court is not relying on any evidence to which the Defendant objects, and Defendant's objections would not be outcome determinative.  Second, Plaintiff's request for Judicial Notice (dkt. #32-4) is not relevant.  Third, Plaintiff's Motion to Strike Defendant's Response to the Court's OSC (dkt. # 46, 51) on grounds that Defendant's Response was filed two days late lacks merit and is denied.

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk   rs